```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**DEXTER McDADE,**

                           **Plaintiff,**

          v.                                         CASE NO. 20-3042-SAC

**CORIZON, et al.,**

                           **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner in state custody. The claims arose during plaintiff's incarceration in the custody of the Kansas Department of Corrections.

**Screening Requirement**

A federal district court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). After an initial review, a court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

**Standard of Review**

A complaint need not set forth detailed factual allegations, yet "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (citations and footnote omitted). To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

A plaintiff in an action brought under § 1983 may not rely on respondeat superior liability. *See Ashcroft v. Iqbal*, 556 U.S. at 675 ("Because vicarious liability is inapplicable to *Bivens* and Section 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, it is insufficient to say only that a defendant is responsible for running a correctional facility. Instead, the complaint must explain specifically what the defendant did or failed to do that allegedly violated the plaintiff's rights.

Because the present complaint alleges in only broad terms that plaintiff was subjected to deliberate indifference in the provision of health care for his cystitis, the Court will direct him to amend

the complaint to provide the degree of detail described in the *Nasious* decision. If he chooses, plaintiff also may submit copies of the grievance materials relevant to his complaint.

Plaintiff's motions for service of process will be denied without prejudice. The Court will conduct a second screening review of the amended complaint and will determine whether service is required. The failure to file an amended complaint may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **October 14, 2020,** to submit an amended complaint.

IT IS FURTHER ORDERED plaintiff's motion to issue summons (Doc. 2) and motion to authorize service of process (Doc. 5) are denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 14th day of September, 2020, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge