```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**DEXTER MCDADE,**

                        **Plaintiff,**

          **v.**                                           **CASE NO. 20-3042-SAC**

**CORIZON HEALTH, ET AL.,**

                        **Defendants.**

## MEMORANDUM AND ORDER

     This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner in state custody. Although Plaintiff is currently incarcerated in Oklahoma, the claims in this action arose during his incarceration in the custody of the Kansas Department of Corrections.

     Plaintiff, who is proceeding pro se, filed his initial complaint on January 29, 2020, and resubmitted his complaint on required court-approved forms on February 28, 2020. (Docs. 1 and 4.) As required by 28 U.S.C. § 1915A(a), the Court then screened the complaint to determine whether summary dismissal is appropriate. Upon completion of this screening, the Court issued a memorandum and order dated September 14, 2020, that set forth the screening requirements and explained that "[t]o avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that 'raise a right to relief above the speculative level.' *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007)." (Doc. 6, p. 2.) The order further noted that a plaintiff in a § 1983 action may not rely on vicarious liability. It is insufficient to say only that a defendant is responsible for running a correctional facility; to state a claim, the complaint must

specifically explain what each defendant did or failed to do, when he or she did it or failed to do it, how the action or inaction harmed Plaintiff, and what specific right Plaintiff believes the defendant violated. *Id.* The Court granted Plaintiff until October 14, 2020, to file an amended complaint that provides the required degree of detail. *Id.* at 3. The Court also allowed Plaintiff to submit copies of relevant grievance materials. *Id.*

Plaintiff filed copies of grievance materials on October 6, 2020, but he has not filed an amended complaint. (Doc. 7.) The Court will allow Plaintiff one final opportunity to submit an amended complaint, on court-approved forms, that provides the required degree of detail, as explained in the Court's earlier order. If Plaintiff fails to file an amended complaint on or before September 2, 2021, the Court may dismiss the matter without additional notice.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Plaintiff is granted to and including **September 2, 2021**, to submit an amended complaint.

**IT IS SO ORDERED.**

DATED:  This 2nd day of August, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge