IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEXTER MCDADE,

                    Plaintiff,

        v.                             CASE NO. 20-3042-SAC

CORIZON HEALTH, et al.,

                    Defendants.

## MEMORANDUM AND ORDER

This matter is a civil rights action filed by Plaintiff Dexter McDade, currently incarcerated in Oklahoma, stemming from events that occurred during his incarceration in Kansas.

Plaintiff filed his complaint on January 29, 2020 and resubmitted it on the required court-approved forms on February 28, 2020. (Docs. 1 and 4.) After screening the complaint, the Court issued a memorandum and order dated September 14, 2020, directing Plaintiff to file an amended complaint. (Doc. 6.) The Court noted that *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), requires Plaintiff to set out factual allegations sufficient to raise his right to relief above the speculative level. *Id.* at 2. The Court also pointed out that § 1983 liability does not spring from vicarious liability alone, so the complaint must specifically explain how each individual defendant violated Plaintiff's constitutional rights. *Id.* The Court gave Plaintiff until October 14, 2020 to file an amended complaint, but Plaintiff did not do so.

In August 2021, the Court issued a second memorandum and order directing Plaintiff to file an amended complaint on or before September 2, 2021. (Doc. 8.) The amended complaint now comes before the Court for initial screening. Plaintiff names as defendants Corizon Health; registered nurse C. Meyers; Joe Norwood, the Secretary of the Kansas Department of Corrections; Doug Burris, the Secretary Designee of the Kansas Department of Corrections; and Sam Cline, the Warden of El Dorado Correctional Facility. In the sole count of the complaint, Plaintiff contends that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process.

## I.   Factual Background

In 2016, while incarcerated in Kansas, Plaintiff was diagnosed with interstitial cystitis, a rare medical condition that causes extreme pain. (Doc. 9, p. 4.) He underwent surgery on July 10, 2018, but rather than his pain lessening, Plaintiff's "pain intensified and became more frequent, especially during urination." *Id.* at 7. After filing a sick call request, Plaintiff was diagnosed with a severe urinary infection but later sick call requests were denied. *Id.* Plaintiff began to have additional severe pain and eventually was admitted into the prison medical clinic, where he sought to be seen by an outside doctor or specialist. *Id.* Dr. Harrod, who worked for Corizon, informed Plaintiff that because the form of interstitial cystitis was rare, there was no reason for him to see

an outside doctor, surgeon, or specialist. *Id.*

On approximately August 14, 2018, Plaintiff was released back into general population despite still suffering severe pain and infection. *Id.* He continued to submit medical requests and complaints of severe pain and difficulty urinating, yet he was "told that Corizon was unwilling to refer [him] for further examination or to refer [him] to an expert or specialist." *Id.* at 8.

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). When screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally

construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply

additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this new standard, courts determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins*, 519 F.3d at 1247 (citing *Twombly*, at 1974).

### a. Defendant Corizon

Plaintiff names "Corizon Health" as a defendant in this action. (Doc. 9, p. 1.) He asserts:

> "Corizon Health was contracted by Kansas Department of Corrections to provide health care to inmates in the Kansas Department of Corrections. Corizon Health was legally and contractually responsible for providing the required number of employees and work hours by hiring enough nurses and/or health care workers to meet the performance standards for prisons of the Kansas Department of Corrections as well as adequate medical care." (Doc. 9, p. 1, 3.)

Where a corporation performs a role typically performed by a state or municipality, the corporate entity can be sued under § 1983. *See West v. Atkins*, 487 U.S. 42, 57 (1988); *Smith v. Cochran*, 339 F.3d 1205, 1215-16 (10th Cir. 2003). However, to succeed on a § 1983 claim against a corporate entity, Plaintiff must prove both that a corporate employee or agent violated his constitutional rights and that the violation was the result of a custom or policy of the corporation. *See Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978) (holding that local governments may be sued under § 1983 where the unconstitutional action implements or executes a policy or was pursuant to governmental custom); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003)("[C]aselaw from this and other circuits has extended the *Monell* doctrine to private § 1983 defendants.").

Here, Plaintiff does not allege any facts that support a claim of corporate liability because he does not claim that any custom, practice, or Corizon corporate policy caused a violation of his constitutional rights. In addition, Plaintiff may not pursue relief against Corizon as an entity under a theory of respondeat superior because that would similarly require that a policy caused the harm. *See Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). Thus, Plaintiff has failed to allege facts that support a plausible claim against Corizon.

**b. Defendants Norwood, Burris, and Cline**

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Rather, as the Court has previously reminded Plaintiff, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). (See Doc. 6, p. 2.) As a result, Plaintiff must not only name each defendant in the caption of the complaint, but he must also do so again in the body of the complaint and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

In the amended complaint, Plaintiff generally asserts that Defendants Norwood, Burris, and Cline were "legally responsible" for the overall operations of ECF and/or the Department of

Corrections. (Doc. 9, p. 5-6.) He also alleges that "[o]n July 10, 2018, and at all times within," Defendant Norwood was deliberately indifferent to Plaintiff's serious medical needs and "failed/refused to authorize assignment and/or recommendation to a specialist or expert or otherwise qualified doctor for Plaintiff for examination and treatment" of Plaintiff's medical problems. *Id.* at 11. The factual allegations of Defendant Burris' involvement are nearly identical, and Plaintiff alleges that Defendant Cline "failed to take or allow further action for Post-Surgery follow-up, for examinations and adequate treatment for infections Plaintiff suffers after his surgery." *Id.*

Plaintiff's alleged facts do not allege sufficient personal involvement by Defendants Norwood, Burris, and Cline to support a plausible claim under § 1983. General allegations of supervisory authority are insufficient, "vicarious liability is inapplicable to . . . § 1983 suits." *See Ashcroft v. Iqbal*, 556 U.S. at 676. To the extent that Plaintiff attempts to assert Defendants' personal involvement through their failures to respond as desired to his requests for treatment, an allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation

under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th
Cir. 2012).

### c. Defendant Myers

Plaintiff alleges that on November 9, 2018, Defendant Myers
"failed/refused to assess Plaintiff for assignment to a specialist
for medical condition Plaintiff suffered and for post-surgery
follow-up [regarding] his serious infections and excruciating
pain." (Doc. 9, p. 10.) By doing so, Plaintiff alleges, Defendant
Myers provided inadequate medical care, which has caused Plaintiff
to "continue to suffer [from interstitial cystitis], . . . serious
urinary infections, and . . . excruciating pain, to include sever
problems with urination." *Id.* at 10-11.

The Eighth Amendment guarantees a prisoner the right to be
free from cruel and unusual punishments. The United States Supreme
Court has held that a prisoner advancing a claim of cruel and
unusual punishment based on inadequate provision of medical care
must establish "deliberate indifference to serious medical needs."
*Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of
Washington*, 282 Fed. Appx. 667, 672 (10th Cir. 2008)(citing *Mata v.
Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)).

The "deliberate indifference" standard has two components: "an
objective component requiring that the pain or deprivation be
sufficiently serious; and a subjective component requiring that
[prison] officials act with a sufficiently culpable state of mind."

*Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted)).

Even liberally construing the amended complaint, Plaintiff has not alleged facts that support a plausible claim that Defendant Meyer acted with a sufficiently culpable state of mind. An inadvertent failure to provide adequate medical care or a negligent diagnosis "fail[s] to establish the requisite culpable state of mind." *Estelle*, 429 U.S. at 106. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* Similarly, although Plaintiff disagreed with Defendant Meyer's apparent decision not to assign him to a specialist, a mere difference of opinion between a prisoner and medical personnel regarding diagnosis or reasonable treatment does

not constitute cruel and unusual punishment. See *Estelle*, 429 U.S. at 106–07; *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992)(holding that Plaintiff's contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation).

**IV.   Conclusion**

In summary, the Court has liberally construed the amended complaint, but the amended complaint nonetheless fails to state a plausible claim against any of the named defendants upon which relief can be granted. Accordingly, the Court will dismiss this action without prejudice.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice for failure to state a claim upon which relief could be granted.

**IT IS SO ORDERED.**

DATED:  This 12th day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge